Filed 03/20/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00999

---

**Groundworks Collaborative, Inc. et al v. Vermont Agency of Human Services et al**

---

## ENTRY REGARDING MOTION

Title:  Motion to Expedite Decision - EMERGENCY; Motion to Clarify Decision and/or for Interim Declaratory Relief (Motion: 25; 26)
Filer:  Maryellen Griffin; Maryellen Griffin
Filed Date:  March 14, 2025; March 14, 2025

The motion to expedite decision is granted, and the motion to clarify or for interim declaratory relief is denied. Plaintiffs seek "interim declaratory relief" but identify no procedural mechanism through which the court can grant such relief. They cite no rule or other authority that supports their extraordinary request. The only potential vehicles that appear to the court are Rules 12(c), 56, or 65. On the present record, however, none of these is available.

Rather, this request appears to be premature. It is axiomatic that courts cannot issue decision based on surmise, conjecture, or even informed prediction. Plaintiffs essentially seek a ruling on the merits without having established any facts to which the law can be applied. While they may have p(barely) pleaded enough facts to withstand a motion to dismiss, that is a far cry from laying the factual foundation for either a provisional or final remedy. It does not matter that they have invoked the declaratory judgment act. "The prohibition against advisory opinions applies to actions for a declaratory judgment." *Doe v. Dep't for Child. & Fams.*, 2020 VT 79, ¶¶ 9-10, 213 Vt. 151. The question in a declaratory judgment action "must not be premature, vague or indefinite, or subject to varying or imprecise answers. It is the tradition of constitutional common law that the establishment of legal doctrine derives from the decision of actual disputes, not from the giving of solicited legal advice in anticipation of issues." *Id.* (citation and quotations omitted); *see also Vermont v. New York*, 417 U.S. 270, 277 (1974) ("Article III speaks of the 'judicial power' of this Court, which embraces application of principles of law or equity to facts, distilled by hearings or by stipulations.") (emphasis added); *cf. United States v. Muhtorov*, 20

F.4th 558, 612 (10th Cir. 2021) ("The FISC does not issue advisory opinions because its Section 702 determinations involve the application of specific statutory criteria to the concrete facts of the government's proposed Section 702 surveillance procedures, and those determinations have immediate real-world consequences and legally binding force."); *Moyers v. Poon*, No. 2016-432, 2017 WL 2963438, at *6 (Vt. June 26, 2017) (umpub. mem.) ("Without a finding of trespass, there was no basis for the court to issue an injunction.").

While the court acknowledges Plaintiffs' desire to stay ahead of this issue and avoid an eleventh-hour rush of court filings as occurred last year, it simply cannot decide the law based on a hypothetical factual scenario. "A claim is not ripe if the claimed injury is conjectural or hypothetical rather than actual or imminent." *Doe*, 2020 VT 79, ¶ 9. Plaintiffs suggest that the due process injury is imminent, but the court cannot determine what process is required here until the State takes some action to remove individuals from emergency housing; then, and only then, can the court decide whether the notice actually given conformed to the standards of due process. Notably, Plaintiffs argue that effective notice here means "between 7 and 10 days prior to the deprivation." Pls.' Mem. at 10 (filed Mar. 14, 2025).  Right now, the expected termination of housing—March 31st—is still more than 10 days away. The State could provide effective notice tomorrow that would apparently satisfy Plaintiffs' proposed standard. The court cannot assume from past practice alone that the State will in the future provide constitutionally inadequate due process. Instead, the law requires concrete facts and a proper procedural mechanism to grant relief. Plaintiffs have established neither.


Electronically signed pursuant to V.R.E.F. 9(d): 3/20/2025 9:33 AM

_____
Samuel Hoar, Jr.
Superior Court Judge